IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| LORRI TROSPER, | § | |
| AND ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | Civil Action No.: _____ |
| | § | |
| | § | |
| | § | Judge: _____ |
| | § | |
| v. | § | |
| | § | |
| | § | |
| UBER TECHNOLOGIES, INC. AND | § | JURY TRIAL DEMANDED |
| TRAVIS KALANICK, | § | |
| | § | |
|     *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF LORRI TROSPER ("Trosper"), and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), who complain of Defendants UBER TECHNOLOGIES, INC. ("Uber") and TRAVIS KALANICK ("Kalanick"), and for cause of action would show the Court as follows:

I.

### INTRODUCTION

1.    This is a collective action suit brought on behalf of all current and former Uber drivers in the United States, except for those Uber drivers in California and Massachusetts, asking the court to properly classify Uber drivers as employees as opposed to their current misclassification by Defendants as independent contractors, to

1

recover unpaid overtime wages and compensation, as well compensation, including overtime wages for hours worked but not recorded or paid ("off-the-clock" work), reimbursement of all expenses incurred in performing their work as Uber drivers, and payment of all gratuities that were earned but stolen by Uber or were lost due to Defendants' communications and policies. Plaintiffs' claims are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and related common law claims.

2.      This action seeks equitable relief, compensatory and liquidated damages, attorneys' fees, taxable costs of court, and post-judgment interest for Defendants' willful misclassification of its driver employees, willful failure to pay overtime wages and compensation to its driver employees, willful failure to pay wages and compensation, including overtime pay, for hours worked, but not recorded or paid, to its driver employees pursuant to 29 U.S.C. § 216(b), non-reimbursement of expenses incurred by Uber drivers in carrying out their duties as employees of Defendants, and Plaintiffs' gratuities being stolen or wrongfully converted by Uber and gratuities lost due to Defendants communications to Uber drivers and Uber customers disallowing and dissuading the practice of paying gratuities.  This action is brought by Plaintiff LORRI TROSPER on behalf of herself and all others similarly situated, in the course of their employment as drivers for the Defendants.

3.      LORRI TROSPER and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4.      This action is authorized and instituted pursuant to the FLSA and related common law claims.

II.

JURISDICTION AND VENUE

5.     Plaintiff LORRI TROSPER, on behalf of herself and the Plaintiff class, brings this action to be properly classified as a non-exempt employees as defined by the FLSA, recover unpaid overtime wages and compensation and for wages and compensation earned but not paid by the Defendants, unreimbursed expenses and stolen and lost gratuities, pursuant to the FLSA and related common law causes of action.

6.     This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331.

7.     Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

III.

PARTIES

8.     Plaintiff LORRI TROSPER is a resident of Ogle County, Illinois.

9.     Members of the "Plaintiff Class" are current and former employees of Defendants who worked as drivers and were and are misclassified by Defendants as independent contractors, denied overtime pay, otherwise denied pay, not reimbursed for their business expenses and had their gratuities stolen and diminished.

10.     Uber Technologies, Inc. is a Delaware Corporation who conducts business in the State of Illinois.  Its Registered Agent for service in Illinois is CT Corporation System, 208 So LaSalle Street, Suite 814, Chicago, Illinois 60604.

11.    Defendant Travis Kalanick is a resident of California and the CEO of Uber. He may be served with service of process at Uber's corporate headquarters located at 1455 Market Street, FL 4, San Francisco, CA 94103-1355, or wherever he may be found.

12.    Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

13.    At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

14.    At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

15.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

16.    At all material times, Plaintiff was an individual employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

17.    Defendants are Plaintiffs' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

IV.

CLASS ALLEGATIONS

18.     Plaintiff LORRI TROSPER files this case as an "opt in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

19.     The class that Plaintiff LORRI TROSPER seeks to represent may be described as follows:

> All current and former employees of Uber Technologies, Inc. who were and are Uber drivers in the United States, other than those Uber drivers in Massachusetts and California, and were and are classified by Uber Technologies, Inc. as independent contractors rather than employees within three years of the filing of this complaint through the date of final judgment in this action.

20.     Plaintiff, LORRI TROSPER, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff LORRI TROSPER as required by 29 U.S.C. § 216(b).

21.     Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

22.     Plaintiff LORRI TROSPER contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

V.

FACTS

23.     At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

24.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

25.     Defendants employed Plaintiff LORRI TROSPER on or about February 15, 2015.  Her employment status with Defendants is unchanged although she currently cannot work due to injuries sustained in a car accident while performing her employment duties as an Uber driver.

26.     During her employment and in the routine performance of her day-to-day job duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendants' management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.  In addition, in the course of performing her work, on nearly a daily basis she incurred unreimbursed expenses and earned gratuities that were stolen or lost due to the actions of Defendants.

27.     Specifically, Plaintiff is a driver for Uber.  Uber is an on-demand mobile taxi service.  It developed and markets a mobile application that allows customers with smart phones to submit a ride request, which is then routed to Uber drivers in that particular geographical area.  Much like a traditional taxi service, Uber drivers use their own vehicles to transport customers.  Plaintiff does just that when working for Uber. Tellingly, all that she does for Uber is directed and monitored by Uber.  She does nothing in her day to day work activities that would evidence her being independent of Uber.  All that she does in her job is controlled by Uber.  She is not independent of Uber but is an employee of Uber.

28. Defendants' position is that it is not a transportation company, but a technology company that provides an app for anyone who wants an alternative to a traditional taxi service, or in the instant case, desires an opportunity to work for themselves. It attempts to circumvent the traditional transportation company model, and all expenses and obligations that come with it, including the expenses related to having employees. Uber seeks to have all of the benefits of having hundreds of thousands of employees, with none of the expense, obligation or risk. Uber contends that its drivers work independently and, therefore, they are independent contractors and exempt from the protections of the FLSA and related laws. They are not.

29. Despite Defendants' position that Uber's drivers are independent contractors, Uber tells the drivers what price to use, pays the driver directly from fares collected from the customer, makes direct deposits in the drivers' bank accounts, provides the drivers with a pay statement, monitors the drivers' number of trips and hours on line and tracks their acceptance rate and driver rating. In addition, the drivers are under agreements with Uber that direct and define their duties, responsibilities and other employment related issues. Although the Uber driver uses her own car, Uber has to approve it. Uber treats the drivers as employees, unless it costs it money, evidenced by its actions related to expenses and gratuities. Uber drivers, past and present, are non-exempt employees protected by the FLSA.

30. During Plaintiff's employment with Uber, she has worked hours in excess of 40 hours worked during many workweeks.

31. Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance duties typically performed by "hourly" paid

non-exempt employees because the job required it and Uber's management required it, as a condition of Plaintiff's continued employment.

32.     Plaintiff has often worked in excess of 40 hours per week during his employment with the Defendant.

33.     In addition, she incurred daily, unreimbursed expenses required to carry out her job duties.

34.     She also earned gratuities, which Defendants stole from her. When not stolen, she lost gratuities that would have been paid but for the communications of Defendants to Uber drivers and Uber customers dissuading the practice.

35.     Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq*., for which they failed to receive overtime compensation as required by the Act.

VI.

FIRST CLAIM FOR RELIEF
(Proper Classification of Plaintiffs as Employees and the
Unpaid Overtime Compensation and Other Benefits That Comes With It)

36.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

37.     Plaintiff LORRI TROSPER and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to

interpret the Act. However, Defendants have intentionally and improperly misclassified TROSPER, and others similarly situated, as contract workers.

38.     Plaintiff LORRI TROSPER and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek because they are non-exempt employees under the FLSA.

39.     Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

40.     Defendants have violated the FLSA by improperly classifying by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

41.     Defendants have failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

42.     Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

43.     The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

44.     No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

45.     Defendants knowingly, willfully, or with reckless disregard, carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

46.     Plaintiff and all others similarly situated seek to be properly designated as non-exempt employees as defined by the FLSA and receive an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial, along with all other damages and relief detailed herein.

47.     Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

VII.

COLLECTIVE ACTION ALLEGATIONS

48.     Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

49.     Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

50.     Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

51.     Other similarly situated employees are being denied proper designation as non-exempt employees, lawful wages and other benefits of employment as detailed herein.

52. Accordingly, Defendants' pattern and practice of misclassification and failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members' class.

53. Plaintiff LORRI TROSPER's experience is typical of the experience of the Members' class as it pertains to contract worker classification and compensation.

54. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

55. All employees, regardless of their job requirements or rates of pay, who are misclassified denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

56. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

57. All current and former employees of Defendants, who at any time during the three years prior to the date of filing of this action to the date of judgment who were misclassified as contract workers and denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

VIII.

SECOND CLAIM FOR RELIEF
(Failure to compensate for "off-the-clock" work)

58. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

59. Plaintiff LORRI TROSPER and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor

Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

60.     Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

61.     Defendants have failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

62.     Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

63.     The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

64.     No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek.

65.     Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

66.     Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendants until the date of trial.

67.     Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

IX.

COLLECTIVE ACTION ALLEGATIONS

68.     Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

69.     Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

70.     Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

71.     Other, similarly situated employees are being denied their lawful wages.

72.     Accordingly, each Defendants' pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members' class.

73.     Plaintiff LORRI TROSPER's experience is typical of the experience of the members' class as it pertains to compensation.

74.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

75.     All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

76.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77.     All current and former Uber drivers, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are properly included as members of the class.

X.

THIRD CLAIM FOR RELIEF
(Reimburse Business Expenses and Compensate for Lost and Stolen Gratuities)

78.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

79.     Plaintiff LORRI TROSPER and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

80.     Defendants failed to pay necessary and reasonable business expenses in order for Plaintiffs to perform the duties of their job.

81.     Defendants failed to reimburse necessary and reasonable business expenses incurred by Plaintiffs in order for Plaintiffs to perform the duties of their job.

82.     Plaintiffs earned gratuities and those gratuities were stolen from them by Defendants.

83.     Plaintiffs could have earned additional gratuities but for the Defendants' communications that disallowed and deterred the payment of gratuities.

84.    Defendants have failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

85.    The Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

86.    No lawful exemption excuses this conduct by Defendants.

87.    Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated related to business expenses and gratuities.

88.    Plaintiff and all others similarly situated seek reimbursement and compensation for the expenses they paid and the gratuities they lost.

89.    Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

XI.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

90.    Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

91.    Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

92.    Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

93.     Other, similarly situated employees are being denied proper reimbursement of expenses and gratuities.

94.     This actions result from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members' class.

95.     Plaintiff LORRI TROSPER's experience is typical of the experience of the members' class as it pertains to compensation.

96.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

97.     All employees, regardless of their job requirements or rates of pay, who paid but were not reimbursed business expenses, and lost or had stolen gratuites, are similarly situated.

98.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

99.     All current and former Uber drivers, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are properly included as members of the class.

XII.

COMMON LAW COUNTS

**Restitution / Unjust Enrichment**

100.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

101.    Defendants have been unjustly enriched as a result of the conduct described in this Complaint and other inequitable conduct.  Defendants have failed to reimburse drivers for expenses and accepted payment of gratuities to which Plaintiffs are entitled and customers expected Plaintiffs to receive, and Defendant and/or its affiliates have retained all or a portion of the money they otherwise would have paid to reimburse drivers for expenses and also the unlawfully retained gratuities, and refused to remit them to Plaintiffs.

102.    Retention of these expenses and gratuities by Defendants would be unjust and inequitable.  The gratuities that Defendants and/or its affiliates received were not legitimately earned by Defendants, and came at the expense of Plaintiffs, to whom customers expected the gratuities to be paid.

103.    Defendants are guilty of malice, oppression, and/or fraud through their willful and conscious disregard for Plaintiffs' rights, and through their intentional retention of gratuities meant for Plaintiffs.  Defendants' willful and conscious disregard for Plaintiffs' rights created an unjust hardship for Plaintiffs.

104.    As a result of Defendants' unjust enrichment, Plaintiffs seek restitution and disgorgement of all gratuities, tips, money that should have been reimbursed to drivers for expenses, or additional compensation Defendants received from customers that customers expected Plaintiffs to receive.  Additionally, Plaintiffs are entitled to exemplary damages in connection with this cause, or these causes, of action.

**Conversion**

105.    Defendants intentionally and unlawfully took Plaintiffs' property, namely tips and money for expenses, without Plaintiffs' permission.

106. Defendants' conduct, as set forth above, substantially interfered with Plaintiffs' property.

107. As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds.

108. Defendants' conduct was willful, wanton, malicious, and oppressive, and further justifies the awarding of exemplary and punitive damages.

**Fraud**

109. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

110. Defendants made false representations, that Plaintiffs would receive gratuities, which Defendant knew was a false representation at the time, with the intent to defraud, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

XIII.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

111. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

112. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA. Restitution, Unjust Enrichment, Conversion and Fraud

113. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

114. Other, similarly situated employees are being denied proper classification, pay, reimbursement of expenses and gratuities.

115.     This actions result from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members' class.

116.     Plaintiff LORRI TROSPER's experience is typical of the experience of the members' class as it pertains to Defendants' unjust enrichment, conversion and fraud.

117.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

118.     All employees, regardless of their job requirements or rates of pay, who were or are misclassified, not properly paid wages, not properly paid overtime, paid but were not reimbursed business expenses, and lost or had stolen gratuities, are similarly situated.

119.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

120.     All current and former Uber drivers, who at any time during the three years prior to the date of filing of this action to the date of judgment who were or are misclassified, denied compensation, unreimbursed for expense and had gratuities taken from them in any given workweek are properly included as members of the class.

XIV.

ATTORNEY'S FEES

121.     Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

122.     Plaintiff LORRI TROSPER, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

XV.

JURY DEMAND

123.    Plaintiff LORRI TROSPER, and all other similarly situated, make a formal demand for a jury trial in this matter.

XVI.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff LORRI TROSPER, and all other similarly situated respectfully request that upon hearing, the Court Grant Plaintiff, and all others similarly situated, relief as follows:

    a.    Declare that Defendants have violated the FLSA and other laws by failing to properly classify Plaintiff, and all others similarly situated, as employees rather than their current designation of independent contractors, failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, by failing to compensate for work performed, but not recorded or paid, failure to reimburse expenses, theft of gratuities and lost gratuities due to Defendants' communications and policies;

    b.    Enjoin Defendants from continuing to misclassify its employees, failing to pay Plaintiff and all others similarly situated at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

    c.    Order Defendants to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages, and to pay unreimbursed expenses and compensate for lost and stolen gratuities.

    d.    Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e.    Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, awarded against Defendants.

f.    Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff LORRI TROSPER, and to all other similarly situated employees of the Defendants.

Respectfully submitted,

THE MAHANY LAW FIRM

*/s/ Brian H. Mahany*
Brian H. Mahany
Wisconsin Bar No. 1065623
(Member NDIL Bar)
P.O. Box 511328
Milwaukee, Wisconsin 53202
Telephone: 414.223.0464
Facsimile:  414.223.0472
brian@mahanylaw.com

JONES, GILLASPIA & LOYD, L.L.P.

/s/ John Bruster Loyd
John Bruster Loyd
State Bar No. 24009032
(Member NDIL Bar)
4400 Post Oak Parkway, Suite 2360
Houston, Texas 77027
Telephone: 713.225.9000
Facsimile:  713.225.6126
bruse@jgl-law.com

ATTORNEYS FOR PLAINTIFF